UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DANIEL RICHARD HALL, III, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 1:24-cv-271 |
| SHAWN ROUSE, BLOUNTVILLE COUNTY JAIL, and UNIDENTIFIED OFFICER #1, | ) ) ) ) | Judge Atchley Magistrate Judge Lee |
| *Defendants*. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Daniel Richard Hall, III, a prisoner housed in the Sullivan County Jail, filed (i) a pro se prisoner complaint under 42 U.S.C. § 1983 [Doc. 1] and supplement [Doc. 4], and (ii) motions for leave to proceed *in forma pauperis* [Doc. 5, 8]. For the reasons set forth below, the Court will grant Plaintiff's second motion to proceed *in forma pauperis* [Doc. 8], deny the first motion as moot [Doc. 5], and dismiss the complaint for failure to state a claim upon which relief may be granted.

**I.    MOTIONS TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's second motion [Doc. 8] demonstrates that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 8] will be **GRANTED** and his initial motion [Doc. 5] will be **DENIED as moot.**

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, Tennessee, 37402 as an initial partial payment, whichever is the

greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

### B. Plaintiff's Allegations

On an undisclosed date, Plaintiff was released from the Sullivan County Jail and told he "was get[t]ing a ride home [to] Kingsport[,] Tennessee." [Doc. 1 p. 3–4]. The unidentified officer transporting Plaintiff said he would drop Plaintiff off at a Wal-Mart in Kingsport, but when the officer "passed Perkins[,]" Plaintiff asked him where he was going to drop him off. [*Id.* at 4]. Plaintiff states that the officer told him that a Highway Patrol officer would then "pick [Plaintiff] up" and take him to Kingsport. [*Id.*]. The officer transporting Plaintiff dropped him off in Greene County, Tennessee, sometime between 7:30 and 9:00 a.m. [*Id.*]. So, the remainder of the day, Plaintiff called the Sullivan County Jail "trying to get a ride[,]" but he was left stranded. [*Id.*].

Aggrieved by these events, Plaintiff asks the Court to "make sure [Defendants] are punished for taking [him] and leaving [him] stranded far from home" so that they will recognize the wrongfulness of their actions and be discouraged from treating anyone else similarly. [*Id.*].

### C. Analysis

Plaintiff has sued the "Blountville County Jail," which is a nonexistent entity. [*Id.* at 1]. Nevertheless, the Court takes judicial notice that the Sullivan County Jail is located in Blountville, Tennessee. *See* https://www.scsotn.com (last visited Sept. 3, 2024). Therefore, the Court presumes the intended Defendant is the Sullivan County Jail. But a jail is a building, not a person subject to

3

liability under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Accordingly, this Defendant will be **DISMISSED**.

And, to state a claim against a defendant in his or her personal capacity, a plaintiff must adequately plead that the particular defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Plaintiff has not alleged any facts against Sergeant Rouse in his complaint, and therefore, this Defendant is also entitled to be **DISMISSED**.

This leaves the unidentified transport officer at the heart of Plaintiff's complaint. While it is permissible for Plaintiff to file a complaint naming an unknown party, the mere filing of a complaint does not commence a civil action against that unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Therefore, unless and until Plaintiff identifies the officer who transported him on the date at issue, this action cannot proceed against him.

However, the Court finds the identity of the transportation officer is ultimately immaterial to the resolution of this case, as to state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Here, Plaintiff does not disclose how (or whether) he returned to Kingsport. Nonetheless, the Court is not aware of any constitutional right to be transported "home" upon release from police custody. Under the state-created-danger doctrine, a municipality may be held liable under certain circumstances for acting to create or increase a risk that an individual could be harmed. *See, e.g., Jahn v. Farnsworth*, 617 F. App'x 453, 463 (6th Cir. 2015) (citing elements of state-created-danger exception). But Plaintiff has not pled any facts suggesting that he was harmed because of the transportation officer's actions. Because he has not sufficiently alleged a constitutional violation, his complaint would be subject to dismissal even if he had named as a defendant a municipal entity that is subject to suit. Accordingly, Plaintiff has failed to allege facts from which this Court could plausibly infer that his constitutional rights were violated, and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 8] is **GRANTED**, and his initial motion [Doc. 5] is **DENIED** as moot;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. Plaintiff's complaint will be **DISMISSED without prejudice** for failure to state a claim upon which § 1983 relief may be granted; and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**